Rec# 68338
A4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

ROBERT D. HICKS,

Plaintiff,

vs.

Case No. 07-15310
Hon.

C.R. BARD, INC., a foreign corporation; and DAVOL, INC., a foreign corporation,

Defendants.

ANNA DIGGS TAYLOR

MAGISTRATE JUDGE WHALEN

JOHN A. ZICK (P34305)
Attorney for Plaintiff
34705 W. Twelve Mile Road
Suite 311
Farmington Hills, MI 48331
(248) 489-1447

FILED 2007 DEC 13 A 9:02 U.S. DIST. COURT CLERK EAST. DIST. MICH.

**COMPLAINT AND JURY DEMAND**

Robert D. Hicks, through counsel, John A. Zick, states the following complaint against the Defendants:

**Jurisdiction**

1. Robert D. Hicks is a citizen of the state of Michigan, residing in Shiawassee County, Michigan.

2. C.R. Bard, Inc. is a corporation organized under the laws of the state of New Jersey, with its principal place of business in the state of New Jersey.

3. Davol, Inc. is a corporation organized under the laws of the state of Delaware, with its principal place of business in the state of Rhode Island.

4. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. This Court has original diversity jurisdiction of this action pursuant to 28 U.S.C. sec. 1332(a).

**Common Allegations**

6. On May 18, 2005, Robert D. Hicks underwent hernia repair surgery at Memorial Healthcare Center in Owosso, Michigan.

7. Implanted in this surgery was a Bard Composix Kugel hernia patch.

8. The hernia patch was designed, tested, manufactured and sold by the Defendants.

9. The hernia patch was defective in that, in the course of foreseeable use, the patch's memory recoil rings broke, resulting in significant damage to internal organs, and other complications.

10. On April 23, 2007, it was necessary for Mr. Hicks to undergo surgery to remove some of the broken coils and to resect portions of the intestine.

11. During November and December 2007, it was necessary for Mr. Hicks to undergo multiple additional surgeries to address complications from the failure of the hernia patch.

12. As a direct and proximate result of the defects in the hernia patch, Robert D. Hicks experienced complications including internal injuries, pain and suffering, total and partial disability and emotional distress. He was compelled to undergo additional medical care, including hospitalizations and

corrective surgeries.

13. As a further result of the defects in the hernia patch, Mr. Hicks suffered medical complications including, without limitation, damage to the intestine.

14. As a further result of the defects in the hernia patch, Robert D. Hicks sustained special damages including the cost of medical care and other amounts.

**Count I - Statutory Products Liability**

15. The Plaintiffs repeat the Common Allegations, the same as if set forth verbatim.

16. The defects in the hernia patch include, without limitation, the following:

a. Defective design;

b. Use of memory recoil rings which broke under foreseeable use;

c. Failing to warn, both pre- and post-sale, of the high rate of failure of the memory recoil rings, and the attendant complications;

d. Failing properly to test the hernia patch and specifically, the memory recoil rings.

17. The above defects in the hernia patch constitute "production defects" within the meaning of MCL 600.2946.

18. At the time this hernia patch left the control of the Defendants, it was not reasonably safe, i.e., it had not been properly tested, it lacked appropriate warnings and it was in a condition which led to premature failure and harm to the

patient under foreseeable use.

19. According to generally accepted production practices at the time this hernia patch left the Defendants' control, a practical and technically feasible alternative production practice was available, which would have prevented the harm suffered by Mr. Hicks, without significantly impairing the usefulness or desirability of the hernia patch to users, and without creating equal or greater risk to others.

20. As a direct and proximate result of the above defects in the hernia patch, Robert D. Hicks sustained and claims the damages previously set forth.

21. At the time the Defendants manufactured and distributed this hernia patch, the Defendants had actual knowledge that the hernia patch was defective and that there was a substantial likelihood that the defect would cause the injuries that are the basis of this action. Further, the Defendants disregarded this knowledge in the manufacture and distribution of the hernia patch. MCL 600.2949a.

WHEREFORE, Robert D. Hicks demands judgment against the Defendants for that sum in excess of $75,000 which is justified by the evidence brought forth at trial, together with costs, interest and attorney fees.

**Count II - Negligent Design/Manufacture**

22. The Plaintiff repeats the Common Allegations and the allegations of Count I.

23. At all relevant times, the Defendants had a duty of reasonable care in the design, testing and manufacture of the hernia patch at issue.

24. The Defendants breached this duty in the following particulars:

a. Negligently designing the hernia patch;

b. Negligently testing the hernia patch;

c. Negligently manufacturing the hernia patch;

d. Manufacturing the hernia patch in a manner such that the memory recoil rings broke under foreseeable use.

25. As a direct and proximate result of the negligence of the Defendants, Robert D. Hicks sustained and claims the damages previously set forth.

WHEREFORE, Robert D. Hicks demands judgment against the Defendants for that sum in excess of $75,000 which is justified by the evidence brought forth at trial, together with costs, interest and attorney fees.

**Count III - Negligent Failure to Warn**

26. The Plaintiff repeats the Common Allegations and the allegations of Counts I and II.

27. At all relevant times, the Defendants had a duty to provide reasonable and appropriate warnings and instructions as to the hernia patch. This includes a post-sale duty to warn of latent defects which are hazardous to human life or health.

28. Prior to their sale of the hernia patch at issue, the Defendants had actual or constructive notice of the defects in this hernia patch.

29. Notwithstanding this notice of product defect, the Defendants failed to provide adequate warnings and to take other action to prevent harm to patients, including Mr. Hicks.

30. Pleading in the alternative pursuant to F. R. Civ. Pro. 8(e)(2), after their sale of the hernia patch at issue, the Defendants learned of the unacceptably high failure rate of the memory recoil rings and the unacceptably high rate of complications associated with the hernia patch.

31. Notwithstanding this notice of product defect and attendant complications, the Defendants failed to provide adequate warnings and failed to take other action to prevent harm to patients who had received this hernia patch, including Mr. Hicks.

32. As a direct and proximate result of the negligence of the Defendants, Robert D. Hicks sustained and claims the damages previously set forth.

WHEREFORE, Robert D. Hicks demands judgment against the Defendants for that sum in excess of $75,000 which is justified by the evidence brought forth at trial, together with costs, interest and attorney fees.

**Count IV - Breach of Warranties**

33. The Plaintiff repeats the Common Allegations and the allegations of Counts I, II and III.

34. In connection with their design, testing, manufacture and sale of the hernia patch at issue, the Defendants breached the warranty implied by the common law of the state of Michigan; i.e., the hernia patch was not reasonably suitable for its intended purpose because it lacked appropriate warnings and the memory recoil rings failed under foreseeable use, causing harm to Mr. Hicks.

35. In connection with their design, testing, manufacture and sale of the hernia patch at issue, the Defendants breached the warranty imposed by MCL 440.2314, i.e., at the time of contracting, the Defendants had reason to know the particular purpose for which this hernia patch was required, and that patients, including Mr. Hicks, were relying on the Defendants to furnish a suitable hernia patch, yet the hernia patch was not fit for its particular purpose.

36. In connection with their design, testing, manufacture and sale of the hernia patch at issue, the Defendants expressly warranted that the hernia patch was safe, effective for its intended use and free of latent defects.

37. The Defendants breached the express warranty described above, in that the hernia patch was defective in the manner previously set forth, and contained latent defects which

led to its failure.

38. As a direct and proximate result of the Defendants' breach of warranties, Robert D. Hicks sustained and claims the damages previously set forth. Further, the Plaintiff claims consequential damages including costs and actual attorney fees.

WHEREFORE, Robert D. Hicks demands judgment against the Defendants for that sum in excess of $75,000 which is justified by the evidence brought forth at trial, together with costs, interest and attorney fees.

**Count V - Michigan Consumer Protection Act**

39. The Plaintiff repeats the Common Allegations and the allegations of Counts I, II, III and IV.

40. The Defendants' breach of warranties as previously set forth constitutes a violation of MCL 445.903(y), in that the Defendants failed to provide the promised benefits in connection with the transaction at issue, i.e., the sale of the hernia patch which was implanted in Mr. Hicks.

41. As a person who has suffered loss as a result of the Defendants' violation of the Michigan Consumer Protection Act, Robert D. Hicks is entitled to and claims actual damages or $250, whichever is greater, together with reasonable attorneys' fees.

WHEREFORE, Robert D. Hicks demands judgment against the Defendants for that sum in excess of $75,000 which is justified by the evidence brought forth at trial, together with costs,

interest and attorney fees.

JOHN A. ZICK (P34305)
Attorney for Plaintiff
34705 W. Twelve Mile Road
Suite 311
Farmington Hills, MI 48331
(248) 489-1447

Dated: December 11, 2007

**JURY DEMAND**

The Plaintiff demands a trial by jury.

JOHN A. ZICK (P34305)
Attorney for Plaintiff
34705 W. Twelve Mile Road
Suite 311
Farmington Hills, MI 48331
(248) 489-1447

Dated: December 11, 2007

# CIVIL COVER SHEET

County in which this action arose: Shiawassee County

...il cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except a... local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpos... ...ing the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Robert D. Hicks

**DEFENDANTS**
C.R. Bard, Inc.
Davol, Inc.

(b) County of Residence of First Listed Plaintiff: Shiawassee County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: ______
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John A. Zick (P34305)
34705 W. 12 Mile Road, Suite 311; Farmington Hills, MI 48331
(248) 489-1447

Attorneys (If Known)

4/5

**II. BASIS OF JURISDICTION** (Select One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Select One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Select One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 ~~All Other~~ Real Property

365

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ■ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Select One Box Only)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. 1332
Brief description of cause:
Medical device products liability action.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** ______ CHECK YES only if demanded in complaint: **JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: December 10, 2007
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

☐ Yes
☑ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☐ Yes
☑ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

Notes :